IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARK C. ROKITA, Jr., : | |
| Plaintiff : | |
| v. : | Case No. 3:23-cv-158-KAP |
| SCOTT KLINEFELTER, : | |
| SUPERINTENDENT S.C.I. : | |
| HOUTZDALE, *et al.*, : | |
| Defendants : | |

Memorandum Order

Plaintiff's motion to proceed *in forma pauperis*, ECF no. 3, is granted in accordance with the Prison Litigation Reform Act, 28 U.S.C. § 1915(a)(2), (b)(1)-(2). The inmate account officer at any institution where plaintiff may be incarcerated shall forward to the Clerk of the United States District Court for the Western District of Pennsylvania the greater of twenty percent of the average monthly deposits to the plaintiff's inmate account for the six months prior to the date of this order, or twenty percent of the average balance of plaintiff's inmate account during the same time period; and in accordance with 28 U.S.C. § 1915(b)(2), the inmate account officer shall begin immediately to deduct from plaintiff's inmate account twenty percent (20%) of each item of income on the date received, accrue these items and forward one payment per month of the amount accrued to the Clerk, whenever the amount in plaintiff's account exceeds $10.00, until the entire filing fee of $350.00 has been paid, regardless of any dismissal of the complaint.

The Motion to Recuse and/or Change Venue at ECF no. 5 (there was a duplicate at ECF no. 6 that can be terminated too) is denied. The two bases for my recusal are the alleged erroneous rulings I made in plaintiff's previous prison conditions complaint and the alleged consensus of prisoner plaintiffs at S.C.I. Houtzdale that I am biased. That is insufficient to require recusal either under 28 U.S.C.§ 144 or 28 U.S.C.§ 455.

Plaintiff's lack of success in a previous matter referred to me creates no appearance of impropriety. Cases uniformly hold that a litigant does not have a valid basis for disqualification or recusal of a trial judge on the claim of bias or prejudice merely because the trial judge has made rulings that are unfavorable to the litigant's position or contentions. This is so, even if the rulings are in error. *See e.g.* Jones v. Philadelphia, 1990 WL 191945 at *2 (E.D. Pa. Nov. 30, 1990).

Generally speaking, judicial bias that requires disqualification is extrajudicial bias and not the substance of a judge's rulings, which are to be corrected on appeal. Liteky v. United States, 510 U.S. 540, 555 (1994). Additionally, the Supreme Court has held that there is no recusal on the basis of the perceived "tone" of a judge: because judges are

1

imperfect, "expressions of impatience, dissatisfaction, annoyance, and even anger" in the course of presiding over a matter do not justify recusal, *Id.* 510 U.S. at 555–56, unless they "reveal such a high degree of favoritism or antagonism as to make fair judgment impossible." Id., 510 U.S. at 555.

Plaintiff's motion therefore boils down to the assertion that the existence of unfavorable rulings in his prior case and in an unspecified number of cases of other inmate plaintiffs from Houtzdale shows the high degree of favoritism sufficient under Liteky to require my recusal. Other than relating that there is an abusive term for me used at Houtzdale he offers nothing else. The lack of success of some other inmates in some other matters referred to me adds nothing to the insufficiency of plaintiff's prior lack of success to show bias or the appearance of bias. The reason for judicial proceedings is that there is no *a priori* "correct" number or percentage of favorable or unfavorable rulings based on the identity of the parties or the nature of the cause of action: a judicial proceeding is the way the correct ruling is arrived at. The plaintiff's belief that he (or other inmates) must either "win" an unspecified percentage of rulings or the judge is biased or is reasonably seen as biased is incorrect as a matter of statistics. It would also lead to the absurd results that 1) the more meritless litigation that one files the more likely one is to obtain a desired result; 2) a meritless allegation of bias becomes meritorious where it is offered in bulk.

The problem is a philosophical one: plaintiff's model of judging is that it is like a person flipping a coin, where the fairness of the coin can be determined from the percentage of heads or tails. Judging is more like grading math homework, where the percentage of wrong answers says something about the student's understanding but says nothing about the grader.

Given the plaintiff's stated lack of consent to my jurisdiction, Motion at Paragraph 4, the Clerk shall assign this matter to a District Judge with the reference back to me.

DATE:  August 7, 2023

Keith A. Pesto,
United States Magistrate Judge

Notice by U.S. Mail to:

Mark C. Rokita, Jr. LJ-8688     Inmate Account Officer
S.C.I. Houtzdale
P.O. Box 1000
209 Institution Drive
Houtzdale, PA 16698